# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ROBERT Z. WHIPPLE, III, ) | |
| ) | Case No. 3:22-cv-317 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| LATOYIA CARPENTER, WESLEY ) | |
| LEATHAM, J. DOUGLAS OVERBEE, ) | |
| FRANCIS M. HAMILTON, DAVID ) | |
| JOLLEY, LAUREL COUNTY, KY, ) | |
| JAMIE MOSLEY, CAPT. DAVIS, LT. ) | |
| CATHERS, SGT. ABNER, SGT. ) | |
| TREVILLION, SGT. ARNETT, CO ) | |
| ARTHUR, CO KILLBURN, and CO ) | |
| POWELL, ) | |
| ) | |
| *Defendant*. | |

## MEMORANDUM OPINION

Plaintiff, a pretrial detainee housed in the Laurel County Jail in Kentucky (Doc. 1, at 2), has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of the conditions of and incidents during his confinement in the Laurel County Jail (*id.*), a motion for leave to proceed *in forma pauperis* (Doc. 2), a motion for certified mail (Doc. 4), and a motion for a temporary restraining order and to supplement his complaint (Doc. 7). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be **GRANTED**, and this action will be **TRANSFERRED** to the United States District Court for the Eastern District of Kentucky.

## I.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Plaintiff's motion for leave to proceed *in forma pauperis* establishes that he is unable to pay the filing fee, that motion (*id.*) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of:  (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1)(A) and (B).  Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the previous month), but only when the monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid.  28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure collection of this fee, the Clerk will be **DIRECTED** to provide a copy of this memorandum and the associated order to the custodian of inmate accounts at the Laurel County Correctional Center and the Court's financial deputy.  They shall be placed in Plaintiff's file and follow him if he is transferred to a different institution.

## II.     TRANSFER

As the Court finds that United States District Court for the Eastern District of Kentucky is the proper venue for Plaintiff's claims, the Court will transfer this action to that Court.

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3).

As set forth above, Plaintiff's complaint arises out the conditions of and incidents during his confinement in Laurel County, Kentucky. (Doc. 1.) Plaintiff's complaint names officials from both the United States Attorney's Office in the Eastern District of Tennessee ("TNUSAO Defendants") and the Laurel County Jail as Defendants. (*Id.* at 2–3.) However, Plaintiff also names Laurel County, Kentucky, as a Defendant. (*Id.* at 1.) Thus, it is apparent from the face of the complaint that not all Defendants are residents of Tennessee, and that this District therefore is not the proper venue for this action under 28 U.S.C.A. § 1391(b)(1).

Also, nothing in the complaint suggests that "a substantial part of the events or omissions giving rise to" the claims in the complaint occurred in this District, such that this Court could be the proper venue for this action under 28 U.S.C. A. § 1391(b)(2). To the contrary, the complaint demonstrates that the vast majority, if not all, of the events giving rise to Plaintiff's claims occurred in Laurel County, Kentucky, which lies within the Eastern District of Kentucky. 28 U.S.C. § 97(a). Specifically, while two pages of Plaintiff's complaint allege that the TNUSAO Defendants engaged in a conspiracy with the Laurel County Jail officials related to the conditions in the Laurel County Jail (*id.* at 4–5), Plaintiff does not allege what, if any, portion of this conspiracy occurred in this District. (*Id.*) And even if the Court assumes that some portion of this conspiracy occurred in this District, the substance of the complaint establishes that this

3

would not rise to the level of "a substantial part of the events or omissions giving rise to" Plaintiff's claims. To the contrary, the substance of Plaintiff's complaint demonstrates that the conditions of and events during his confinement in the Laurel County Jail, which Plaintiff spends twenty-two pages of his complaint describing (*Id.* at 6–27), are the substantial events and omissions giving rise to the complaint.

As such, the Court finds that the Eastern District of Kentucky is the proper venue for this action under 28 U.S.C.A. § 1391(b)(2). And a federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

### III. CONCLUSION

For the reasons set forth above:

(1) Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be **GRANTED**;

(2) Plaintiff will be **ASSESSED** with the filing fee;

(3) The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

(4) The Clerk will **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the Laurel County Jail and to the Court's financial deputy; and

(5) The Clerk will be **DIRECTED** to transfer this action to the United States District Court for the Eastern District of Kentucky and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**